**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 18-96 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Benjamin Eugene Somers, | |
| Defendant. | |

Brian N. Toder, Esq., Chestnut Cambronne PA, counsel for Defendant.

Charles J. Kovats, Jr., Craig R. Baune, and Katharine T. Buzicky Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

**INTRODUCTION**

This matter is before the Court on Defendant Benjamin Eugene Somers's ("Somers") motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. Nos. 49, 61 (collectively, ("Motion")).) The United States of America (the

---

[1] On June 22, 2020, Somers filed a *pro se* motion for compassionate release (Doc. No. 49 ("Request").) On July 13, 2020, he filed a supplement to his motion. (Doc. No. 53.) Somers was appointed counsel on July 17, 2020. (Doc. Nos. 54, 55.) On July 30, 2020, Somers's attorney filed a supplemental motion for compassionate release (Doc. No. 61 ("Supp. Motion.")) and supporting memorandum (Doc. No. 62 ("Def. Memo.").)

"Government") opposes Somers's Motion.[2]  (Doc. No. 70.)  For the reasons discussed below, the Court respectfully denies Somers's Motion.

## BACKGROUND

On May 8, 2018, Somers pled guilty to one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).  (Doc. Nos. 14, 16.)  On February 20, 2019, this Court sentenced Somers to 192 months' imprisonment followed by a lifetime of supervised release.[3]  (Doc. Nos. 38, 42.)  Somers is currently incarcerated at Elkton FCI in Ohio.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 25, 2020).  According to the Bureau of Prisons ("BOP"), Somers's release date is September 2, 2031.  *Id.*

Somers now moves for compassionate release in light of the COVID-19 pandemic.  (Request at 1; Supp. Motion at 1.)  Specifically, he "beseeches the Court to reduce his sentence to time-served, coupled with home confinement, or alternatively, a furlough until it is safe to return to FCI Elkton, either alternative with treatment as a condition of supervised release."  (Request at 8-9; Supp. Motion at 1.)  Somers argues that release is

---

[2]     The Court also received and considered Somers's response to the Government's opposition.  (Doc. No. 79 ("Reply").)

[3]     Somers's sentence reflected a 2004 felony conviction in which he pled guilty to 16 counts of Transportation, Receipt, and Possession of Child Pornography in U.S. District Court, District of Southern Indiana.  (Doc. No. 28 ("PSR") § 6.)  There, Somers was sentenced to 46 months' imprisonment followed by a 3-year term of supervised release on each count, to run concurrently.  (*Id.*)  While Somers was initially released to supervision in November 2007, he violated the terms of his release and was revoked for 10 months.  He was then released to 2 years of supervision; however, additional violations triggered modifications of his conditions.  (*Id.*)  His term of supervised release expired in October 2011.  (*Id.*)

warranted because he suffers from a number of medical conditions that increase his risk of severe illness should he contract COVID-19. (Request at 3; Def. Memo. at 3.) These medical conditions include obesity, diabetes, high blood pressure, obstructive sleep apnea, and gastroesophageal Reflux Disease.[4] (Request at 3; Def. Memo. at 3; *see also* Doc. Nos. 50 ("Medical Records 1"); 64 ("Toder Sec. Decl.") ¶ 4, Ex. K ("Medical Records 2") (collectively, ("Medical Records").) Moreover, Somers tested positive for COVID-19 in early April (Request at 3-4; Def. Memo. at 3; Medical Records 1 at 5-6), and again on June 25, 2020 (Doc. Nos. 53-1; Medical Records 2 at 2). Somers also contends that while all prison facilities are unsafe, FCI Elkton is particularly dangerous because the facility has failed to contain the virus and several inmates have died from it. (*See* Request at 2-5; Def. Memo. at 6-17; Reply at 4.)

On April 13, 2020, a group of inmates at FCI Elkton brought an emergency habeas action seeking the release of medically vulnerable inmates at the facility due to the spread of COVID-19 within the facility. *See Wilson v. Williams*, Civ. No. 4:20-00794, 2020 WL

---

[4] Somers's Medical Records indicate that he is a 39-year-old [the BOP indicates that Somers is not 40 years old, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 25, 2020] obese male with a history of hypertension, diet-controlled type 2 diabetes, and GERD. (*See* Medical Records 1 at 2; Medical Records 2 at 8.) His Medical Records also indicate that his blood pressure is at his "treatment goal." (Medical Records 1 at 2 (indicating that on January 29, 2020, Somers's blood pressure reading was 124/82 mm Hg).) According to the Centers for Disease Control and Prevention ("CDC"), both obesity and diabetes increase a person's risk for severe illness. *See* CDC, People of Any Age with Underlying Medical Conditions, updated August 14, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 25, 2020). High blood pressure may also increase his risk; however, the CDC defines "high" as consistent readings of at least 130/80 mm Hg or higher. *See id.*; *see also* CDC, High Blood Pressure Symptoms and Causes, https://www.cdc.gov/bloodpressure/about.htm (last accessed August 25, 2020).

3

1940882, at *1 (N.D. Ohio Apr. 13, 2020).  The petitioners argued, in relevant part, that "[b]y failing to implement controls necessary to contain the COVID-19 outbreak and stop preventable deaths at Elkton, [prison officials] have violated the Eighth Amendment rights of the [c]lass and especially of the [m]edically-[v]ulnerable [s]ubclass." *Wilson v. Williams*, 20 Civ. 794, Petition, ECF No. 1 (N.D. Ohio Apr. 22, 2020).  On April 22, 2020, the Court ordered the respondents to, first, identify "all members of the [medically-vulnerable] subclass." *Wilson*, 2020 WL 1940882, at *10.  Then, following identification, the Court ordered respondents "to evaluate each subclass member's eligibility for transfer out of Elkton through any means, including but not limited to compassionate release, parole or community supervision, transfer furlough, or non-transfer furlough within two . . . weeks." *Id*.  Finally, the Court instructed that "[s]ubclass members who are ineligible for compassionate release, home release, or parole or community supervision must be transferred to another BOP facility where appropriate measures, such as testing and single-cell placement, or social distancing, may be accomplished." *Id*. at 11.

On April 30, 2020, prison officials filed a list of FCI Elkton inmates that fit the medical criteria of the defined vulnerable subclass, including but not limited to:  all inmates over the age of 50, and persons of any age who experience certain enumerated health conditions, ranging from a history of smoking or moderate to severe asthma, to serious heart conditions, diabetes, and more.  *See Wilson v. Williams*, Civ. No. 4:20-794, Notice of Identification of Inmates, ECF No. 35 (N.D. Ohio Apr. 30, 2020); *see also* ECF No. 22 (N.D. Ohio Apr. 22, 2020 (defining subclass of inmates to be listed).)  While

4

Somers was included on the Notice of Identification of Inmates, the Sixth Circuit ultimately vacated the district court's preliminary injunction.[5] *Wilson v. Williams*, 961 F.3d 829, 845 (6th Cir. 2020); *see also Wilson v. Williams*, 20 Civ. 794, Notice of Identification of Inmates, ECF No. 35 (N.D. Ohio Apr. 30, 2020).

Since April, testing has increased and the number of active COVID-19 cases at Elkton FCI cases has greatly decreased. As of August 25, 2020, 3 inmates and 2 staff persons at FCI Elkton were positive for COVID-19; 978 inmates and 51 staff persons had recovered, and sadly, 9 inmates had died. *See* Federal Burau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed August 25, 2020). Further, according to the most recent daily status report, over 6,931 tests have been conducted since mid-May. *See Wilson v. Williams*, 20 Civ. 794, August 21 Status Report, ECF No. 186 (N.D. Ohio Apr. 30, 2020). *Wilson v. Williams*, 961 F.3d 829, 845 (6th Cir. 2020).

Somers acknowledges that "just releasing a two-time convicted sex offender is a hard to impossible thing to do" and therefore proposes a release plan which would include residing with his parents and seeking mental health and sex offender treatment.[6] (Request at 8; *see also* Def. Memo. at 20; Reply at 5.) Moreover, he asserts that he has

---

[5] The Sixth Circuit found that the district court abused its discretion when it granted their preliminary injunction because petitioners failed to show a likelihood of success on their Eight Amendment Claim. *Wilson v. Williams*, 961 F.3d 829, 845 (6th Cir. 2020).

[6] Somers argues that because Elkton FCI is "continuously in lockdown [due to COVID-19], [Somers's] most effective manner for medical care and correctional treatment is found through programs in supervised release." (Reply at 5.)

served 18% of sentence, and that he has not received any disciplinary actions while at Elkton FCI.  (Def. Memo. at 21; *see also* Toder Sec. Decl. ¶ 3, Ex. J.)

## DISCUSSION

### II.     Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that:  (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[7]  USSG § 1B1.13 ("Statement").  The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to

---

[7]     While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

6

recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[8]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[9]  *Id.*

Here, the record reflects that Somers requested compassionate release from the warden at Elkton FCI on May 7, 2020 (Doc. No. 50 at 8), and that his request was denied on May 11, 2020 (*id.* at 9).  Accordingly, the Court finds that his Motion is properly before it.  Notwithstanding, the Court declines to grant release.

Specifically, after a careful review of Somers's Motion, supporting memoranda, and documentation including his Medical Records, the Court finds that Somers's medical conditions and the fact that he is incarcerated at FCI Elkton do not alone, or in

---

[8]    The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  Statement at n.1(A)(i).

[9]    While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

combination, qualify as extraordinary or compelling reasons to warrant immediate release.  Moreover, even if there was an extraordinary or compelling reason, the Court finds that Somers's Motion still fails because he poses a danger to the safety of the community and because the § 3553(a) factors counsel against release.

While the Court recognizes that Somers feels susceptible to COVID-19, particularly in light of his obesity, diabetes, high blood pressure, and because he has already contracted the virus twice, the Court notes that his diabetes is "diet controlled," and his blood pressure is at his "treatment goal."  (*See* Medical Records 1 at 2; Medical Records 2 at 8.)  While the Court finds it truly unfortunate that Somers has contracted the virus not one, but two times, it is notable that he received proper treatment and successfully recovered each time despite being obese or suffering from any other medical condition.  Notwithstanding, the Statement clearly defines "extraordinary and compelling" medical conditions as those "which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover."[10]  *See* Statement.

The Court also recognizes Somers's concern with respect to the severity of COVID-19 at FCI Elkton.  It is correct that FCI Elkton suffered a massive outbreak, and that sadly, 9 inmates died from the virus.  Notwithstanding, and in no small part due to the civil habeas action, the Court finds that in light of FCI Elkton's current measures to

---

[10]   Of course, the Court recognizes the continued risk Somers's obesity may pose if he contracts the virus a third time; however, as discussed below, the Court finds that Elkton FCI has taken appropriate steps to mitigate the virus.

mitigate the spread of COVID-19, including massive testing, identification of vulnerable inmates, and intensive evaluation of those eligible for release, merely being incarcerated at FCI Elkton is insufficiently extraordinary or compelling to warrant immediate release.[11]  Further, the fact that there are currently just 3 inmates and 2 staff persons positive for COVID-19 at Elkton FCI indicate that the steps the facility has taken to control COVID-19 have been successful.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Somers's concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release.  Moreover, the record reflects that Somers struggled to remain law-abiding while on his last term of supervised release and committed a similar crime soon after completing his initial sentence.  (*See* PSR §§ 6-13.)  Due to the nature of Somers's crime and the means to reoffend, the Court finds that releasing him from BOP custody to reside in his parent's home would once again place

---

[11]  The Court also notes that Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed July 14, 2020).  Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates.  (*Id.*)  Current measures also include a 14-day isolation period, and limited group gatherings ("Plan").  *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed August 25, 2020).  The BOP periodically updates its Plan and is currently in Phase IX.  BOP COVID-19 Action Plan Phase VII, https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf.  (last accessed August 25, 2020); *see also* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed August 25, 2020.)

9

him in a circumstance where he could easily engage in the same criminal conduct for which is incarcerated, and that no combination of conditions would mitigate the risk he poses to the community. *See States v. Sims*, Cr. No. 18-0262, 2020 WL 2838611, at *6 (W.D. Wash. June 1, 2020) ("In today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to place [defendant] in home confinement and eliminate his ability to engage in his prior criminal conduct [of distributing and possessing child pornography]."); *see also United States v. Miezin*, Cr. No. 1:13-15, 2020 WL 1985042 (N.D. Ohio Apr. 27, 2020) (denying compassionate to a 54-yearold inmate with hypertension and borderline diabetes because risk of child exploitation offenses would present a danger to the community particularly because the crimes could be committed at home).

Further, after a careful review of the § 3553 sentencing factors, Court finds that they also weigh against release for reasons including the seriousness of Somers's crime, the difficulty he had to remain law abiding during his last term of supervised release, and because he has served just 18% of his sentence. *See* 18 U.S.C.A. § 3553; *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020).  Accordingly, Somers's Motion is respectfully denied.

## CONCLUSION

For the reasons set forth above, the Court finds that Somers's Motion fails because he has not demonstrated an extraordinary and compelling reason to warrant release, releasing him would pose a danger to the community, and because the § 3553 factors weight against release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Benjamin Eugene Somers's Motion for Release (Doc. Nos. [49], [61]) is respectfully **DENIED**.

Date: August 28, 2020              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge